IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GARY D. HODGES                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:23-cv-36-DCB-ASH

JAMES BRUMFIELD, ET AL.                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court sua sponte for pro se plaintiff Gary D. Hodges's failure to respond and provide the court with his current mailing address. For the reasons explained below, the undersigned recommends that Hodges's case be dismissed without prejudice.

I.  BACKGROUND

Hodges filed this conditions-of-confinement case under 42 U.S.C. § 1983. Compl. [1] at 1. He claims in this lawsuit that his constitutional rights were violated while housed in the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 4–5; Pl.'s Resp. [12] at 1–4. Hodges names James Brumfield, Jewel Simmons, Herbert Young, and Richard Bynum as Defendants. *Id*. at 1–2.

On June 3, 2024, the Court granted Defendants' Motion for Leave to File Amended Answer [31]. Order [37]. Hodges was mailed a copy of that Order [37] at his last-known address of record. The envelope containing that Order [37] was returned as undeliverable, and handwritten on it was "return to sender – not here." Mail Returned [38] at 1. The Court has repeatedly notified Hodges in prior Orders and documents that his failure to notify the Court of a change of address would result in the dismissal of this civil action. Order [15] at 1; Order [13] at 2; Order [11] at 2; Order [9] at 2; Order [6] at 3; Order [3] at 2; Notice of Assignment [1-1] at 1.

On June 28, 2024, the undersigned entered an Order to Show Cause [40] that directed Hodges to respond by July 15, 2024. In it, the Court required Hodges to (1) explain why this case should not be dismissed for his failure to prosecute and failure to comply with the Court's order and (2) provide the Court with his current address. Order to Show Cause [40] at 2. That Order [40] was mailed to Hodges at his last-known address at the Pike County Jail. The envelope containing that show-cause Order [40] was returned as undeliverable with a handwritten note "Return to Sender: Released CMCF." Mail Returned [41] at 1. Hodges has not complied, nor has he filed a notice of his current address.

Out of an abundance of caution, the undersigned then entered a Second and Final Order to Show Cause directing Hodges to respond by August 2, 2024. Second and Final Order to Show Cause [42] at 2. That Second and Final Order to Show Cause [42] was mailed to Hodges at his last-known address at Pike County Jail. The envelope containing that show-cause Order [42] was returned with a handwritten note "return to sender – not here." Mail Returned [43] at 1. Hodges has not complied with the Court's orders and he has not filed a notice of his current address.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays

in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Hodges's last action in this case was when he filed a Notice of Change of Address [25] on January 9, 2024. Hodges has not contacted the Court to inquire about this case or to supply his current address. The Court notified—and warned—Hodges on at least seven occasions that his failure to comply with a court order or his failure to supply a current address could result in the dismissal of this case. *See* Orders [15] [13] [11] [9] [6] [3]; Notice of Assignment [1-1].

As the record demonstrates, Hodges has been warned numerous times that his failure to keep the Court informed of his current address or his failure to comply with the Court's orders would result in the dismissal of this case. The Court's repeated warnings establish that lesser sanctions than dismissal have failed to prompt "diligent prosecution" by Hodges, and instead have "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Hodges no longer wishes to pursue this lawsuit.[1] Dismissal without prejudice is warranted.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Hodges's failure to prosecute. Additionally, the undersigned

---

[1] The undersigned notes that Hodges previously filed a notice of change of address on August 16, 2023, and then again on January 9, 2024. Notice of Change of Address [7] at 1; Notice of Change of Address [25] at 1.

also recommends that this civil action be dismissed, without prejudice, for Hodges's failure to comply with the Court's prior orders requiring him to notify the Court of a change of address.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPCTFULLY SUBMITTED, this the 12th day of August, 2024.

*s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).